## SKINKER *v.* FLOHR.

An affidavit by a party to the suit, that the original deed "is not in his possession, or under his control," is sufficient to admit in evidence a certified copy from the Recorder's office, the deed having been properly acknowledged and recorded, and the grantee being a third person.

APPEAL from the Sixth District.

Ejectment. Plaintiff had judgment, defendant appeals.
For case see opinion.

*C. A. Johnson,* for Appellant, cited: *Beach* v. *McCann,* 2 Cal. 25 ; *Folsom's Executors* v. *Scott et al.* 6 Id. 460 ; *Macy* v. *Goodwin et al.* Id. 579 ; *Fallon* v. *Dougherty.*

*Latham & Sunderland,* for Respondent, cited : the Act of 1857, 317, arguing, that where a party is in no way connected with a deed as grantee, he is not presumed to have its custody, and hence is not bound to account for the absence of the original, before he can introduce a certified copy, and that his affidavit, that the original "is not in his possession, or under his control," meets the statute.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

There is no merit in this appeal.

The only error assigned is, the ruling of the Court admitting in evidence certified copies of certain deeds to third persons as grantees, which deeds had been regularly acknowledged and recorded. The plaintiff below laid the foundation for their introduction by his affidavit that the originals were not under his control. By this affidavit he brought himself within the words of the Act of April 29th, 1857, (Acts, 317,) the second section of which provides, that "duly certified copies of deeds regularly recorded upon the acknowledgment or proof of execution by the party or parties thereto, subject, however, to all legal exceptions that might be taken to the original if produced, shall be received in evidence in all the Courts of the State, without further or other proof of the execution thereof, in the same manner and with like effect, as if the originals were produced and

proven; *provided,* it be shown that the said originals are not under the control of the party offering the said copies, or are lost," and this showing is properly made by the affidavit of the party.

Judgment affirmed.